IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSHUA SHANE DRONEBARGER (BOP Registration No. 48564-177), | ) ) ) | |
| Movant, | ) ) | |
| v. | ) ) | No. 3:17-CV-2378-K (3:14-CR-383-K-(01)) |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Movant Joshua Shane Dronebarger, a federal prisoner, proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. *See* Dkt. No. 2. Because his Section 2255 motion is untimely, as explained below, the Court **DISMISSES** the motion with prejudice as barred by the applicable statute of limitations.

### Background

Movant pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a). *See United States v. Dronebarger*, No. 3:14-cv-383-K (01), Dkt. No. 36. On September 23, 2015, the Court entered judgment and sentenced Movant to 84 months in prison with three years of supervised release. *See id.* He did not appeal.

In June 2017, Movant filed a motion for reconsideration under Federal Rules of Civil Procedure 60(b), which the Court denied. *See United States v. Dronebarger*, No.

3:14-cv-383-K (01), Dkt. Nos. 38 & 39. However, because the motion sought relief that might be available under Section 2255, the Court also directed the Clerk of Court to send Movant the standard Section 2255 form. *See id.*

Movant filed this Section 2255 motion on September 6, 2017. *See* Dkt. No. 2. He claims that his counsel coerced him into pleading guilty by promising him that the Court would reduce his offense level for his diminished capacity—under the United States Sentencing Guidelines § 5K2.13—when it calculated his guideline sentence. *See* Dkt. No. 2 at 3.

Because his Section 2255 motion appeared to be untimely, the Court ordered Movant to show cause why his motion should not be dismissed as time-barred. *See* Dkt. No. 4. Movant now responds that his motion is timely under Section 2255(f)(3) because, in *Buck v. Davis*, 137 S. Ct. 759 (2017), the Supreme Court held that "a prisoner could not be denied his right to collaterally attack his sentence on [the] grounds of [i]neffective [a]ssistance of [c]ounsel." Dkt. No. 5 at 1-2.

**Statute of Limitations**

"[Section] 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Under Section 2255(f)(1), Movant's judgment became final on October 7, 2015—when his time to file a direct appeal expired. *See* FED. R. APP. P. 4(b)(1)(A)(i) (stating that an appeal in a criminal case must be filed within fourteen days of the entry of judgment); *see also United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that, where a federal prisoner does not file a direct appeal, his conviction becomes final when his time to do so expires).

Movant does not allege any facts that could trigger a starting date under Sections 2255(f)(2) or (4), and his reliance on Section 2255(f)(3) and the Supreme Court's decision in *Buck* is misplaced. Contrary to Movant's argument, *Buck* does not hold that a claim of ineffective assistance of counsel is necessarily exempt from Section 2255's statute of limitations. Indeed, the habeas petition at issue in *Buck* was timely filed, *see* 137 S. Ct. at 770, and so the Supreme Court did not consider the effect of the statute

3

of limitations on Buck's ineffective assistance claim. Because neither *Buck* nor Section 2255(f)(3) apply here, Movant's statute of limitations began to run on October 7, 2015—when his judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1). His statute of limitations expired one year later, on October 7, 2016. His Section 2255 motion—filed in 2017—is untimely absent equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The United States Supreme Court recently reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original).

Here, Movant presents no argument or evidence that extraordinary circumstances prevented him from filing his motion to vacate earlier, and no grounds for equitable tolling are apparent to the Court. Because Movant has not met his burden to establish circumstances warranting equitable tolling, his Section 2255 motion is time-barred.

4

**Conclusion**

For the foregoing reasons, the motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE** as time-barred.

**SO ORDERED.**

Signed December 14th, 2017.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE